UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas M. Thompson, # 348634, | ) C/A No. 5:13-2873-DCN-KDW |
|                                Petitioner, | ) |
| vs. | ) ORDER |
| SC Court of Appeals, and<br>SC Attorney General, | ) |
|                                Respondents. | ) |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated October 30, 2013, Petitioner was given a specific time frame in which to bring this case into proper form. Petitioner has substantially complied with the court's Order, and this case is now in proper form for review.

**MOTION FOR EXTENSION OF TIME**:

Petitioner asks for additional time to submit the Financial Certificate requested in the court's proper-form Order. ECF NO. 13. In light of the recommendation contained in the Report and Recommendation issued contemporaneously with this Order, Petitioner's Motion is **denied as moot.**

**PAYMENT OF THE FILING FEE:**

By filing this case, Petitioner has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Petitioner seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). As the court has granted Petitioner permission to proceed *in forma pauperis*, **the agency having custody of Petitioner shall collect payments from Petitioner's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1)**

---

[*] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is not applicable to in forma pauperis cases.

**and (2), until the full $350 filing fee is paid.**  *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Petitioner submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for Leave to Proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1), (2).  A review of the Motion reveals that Petitioner does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Petitioner is currently $350.

Petitioner's Motion for Leave to Proceed in forma pauperis is **granted**.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

December 19, 2013                                                   Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge