UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas M. Thompson, # 348634, | ) C/A No. 5:13-2873-DCN-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| SC Court of Appeals, and | ) |
| SC Attorney General, | ) |
| | ) |
| Respondents. | ) |

Douglas M. Thompson ("Petitioner"), a state prison inmate appearing pro se, submitted a Petition for Writ of Mandamus ("Petition") to the court. ECF No. 1. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Petitioner has also submitted an "Affidavit of Facts Seeking Judicial Notice, Motion for Default, and Judgment Pursuant to Rules 54 and 55," which the court construes as a Motion for Default Judgment. ECF No. 16.

**BACKGROUND**

Petitioner, who is currently incarcerated at Leiber Correctional Institution in Ridgeville, South Carolina, asks the court to order the South Carolina Court of Appeals to allow him to act as his own counsel or submit a pro se pleading in a direct appeal from a state conviction. Petitioner alleges that his court-appointed appellate counsel is not adequately representing his interests and is in conspiracy with the state prosecutors. In addition to the writ of mandamus requested, Petitioner also asks this court to issue a declaratory judgment to the effect that Respondents' refusal to allow

Petitioner to represent himself or to file pro se pleadings in his direct appeal violates Petitioner's "substantial due process . . . ." Pet. 2, ECF No. 1.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, the court has carefully reviewed the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's suit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District

Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the undersigned recommends the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

Petitioner filed this mandamus action because he believes that the South Carolina Court of Appeals' refusal to allow him to represent himself or to file pro se documents in his direct appeal violates his due process rights under the United States Constitution. *See* 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988. Petitioner asks this court to order Respondents to permit him act as his own appellate counsel or, at least, to accept documents he prepares himself in his direct appeal. *See Black's Law Dictionary* (9th ed. 2009) (mandamus: "A writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act."). Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts; its use is usually limited to cases in which a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States. Moye v. Clerk, DeKalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir. Oct 24, 1986) (unpublished opinion)(same).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of

Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus. "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W. Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n.1 (N.D. Ill. 1990). Respondents in this case are the state court of appeals and a state official: the Attorney General. The United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against Respondents as requested.

    Furthermore, to the extent that Petitioner asks for a declaratory judgment, declaring that Respondents' "no pro se representation" policy on direct appeals violates the United States Constitution, the Petition is subject to summary dismissal. Entry of the type of declaratory judgment

4

requested by Petitioner is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny because it appears that Petitioner's state court proceedings challenging his criminal conviction(s) are still active. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 (1873);[1] *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley*, 411 F.2d at 587-88 (federal courts may not issue writs of mandamus

---

[1] Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas.").

against state courts); *Craigo*, 624 F. Supp. 414 (same). Plaintiff is not foreclosed from raising his due-process-based objection to his appointed counsel and having it ruled on in his on-going state criminal appeal by the state court judges. This court cannot remove the authority to rule on such an objection from the judges who are actually in control of Plaintiff's state criminal case.

On December 2, 2013, the court received Petitioner's Motion for Default Judgment. ECF No. 16. In the Motion, Petitioner seeks to have the court hold the South Carolina Attorney General in default because the Attorney General received a copy of Petitioner's Petition for Mandamus on October 22, 2013, but has not responded to it. *See* Mot. Default J. 2, ECF Nos. 16 and 16-2. However, default judgment, as well as other remedies Petitioner seeks in the Motion would be improper as the court has never authorized that service of process be issued in this matter. On October 30, 2013, the court ordered Petitioner to provide the court with additional information and noted that the court would then "determine if service of process should be authorized." Order 2, ECF No. 8. As discussed above, the undersigned recommends this matter be summarily dismissed without service of process. Similarly, Petitioner's Motion for Default Judgment, ECF No. 16, should be denied.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Mandamus in this case, ECF No. 1, be dismissed *with prejudice*. Additionally, Petitioner's Motion for Default Judgment, ECF No. 16, should be denied.

IT IS SO RECOMMENDED.

December 19, 2013                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).